Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZULILY, INC., a Delaware Corporation; SHOSHO FASHION, INC., a California Corporation; MODDEALS LLC, a California Limited Liability Company; GWBG, INC., a California Corporation; AMERICAN VISION, a business entity of form unknown; GMPC LLC, a California Limited Liability Company; JASMINE TRADING CORP., a New York Corporation; MODMERICA GROUP LLC, a California Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

1   Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to
2   this honorable Court for relief based on the following:

3   **JURISDICTION AND VENUE**

4   1.  This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101
5   *et seq.*

6   2.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 and
7   1338 (a) and (b).

8   3.  Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and
9   1400(a) in that this is the judicial district in which a substantial part of the acts and
10  omissions giving rise to the claims occurred.

11  **PARTIES**

12  4.  Plaintiff STAR FABRICS, INC. is a corporation organized and existing
13  under the laws of the State of California with its principal place of business located
14  at 1440 East Walnut Street, Los Angeles, California 90011.

15  5.  Plaintiff is informed and believes and thereon alleges that Defendant
16  ZULILY, INC. ("ZULILY") is a corporation organized and existing under the laws
17  of the state of Delaware, with its principal place of business located at 2200 First
18  Avenue South, Seattle, Washington 98134, and is doing business in and with the
19  state of California.

20  6.  Plaintiff is informed and believes and thereon alleges that Defendant
21  SHOSHO FASHION, INC. ("SHOSHO") is a corporation organized and existing
22  under the laws of the state of California, with its principal place of business located
23  at 2454 E. 27th Street, Vernon, California 90058, and is doing business in and with
24  the state of California.

25  7.  Plaintiff is informed and believes and thereon alleges that Defendant
26  MODDEALS LLC ("MODDEALS") is a limited liability company organized and
27  existing under the laws of the state of California, with its principal place of business

28

located at 6020 Progressive Avenue, Suite 100, San Diego, California 92154, and is doing business in and with the state of California.

8.  Plaintiff is informed and believes and thereon alleges that Defendant GWBG, INC. ("GWBG") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 1006 S. Crocker Street Los Angeles, California 90021, and is doing business in and with the state of California.

9.  Plaintiff is informed and believes and thereon alleges that Defendant AMERICAN VISION is a business entity of form unknown, with its principal place of business located at 3301 Main Street, Suite #2042, Ventura, California 93003, and is doing business in and with the state of California.

10. Plaintiff is informed and believes and thereon alleges that Defendant GMPC LLC ("GMPC") is a corporation organized and existing under the laws of the state of California, with its principal place of business located at 1202 Olympic Boulevard Santa Monica, California 90404, and is doing business in and with the state of California.

11. Plaintiff is informed and believes and thereon alleges that Defendant JASMINE TRADING, CORP. ("JASMINE") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 34 West 27th Street, Suite #6R New York, New York 10001, and is doing business in and with the state of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant MODMERICA GROUP LLC ("MODMERICA") individually and doing business as "10dollarmall.com" is a limited liability company organized and existing under the laws of the state of California, with its principal place of business located at 401 W A Street, Suite 1785, San Diego, California 92101, and is doing business in and with the state of California.

13. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

14. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO DESIGN NO. 61619**

15. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 61619 ("Subject Design") which has been registered with the United States Copyright Office.

16. Prior to the acts complained of herein, Plaintiff widely disseminated fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

17. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, ZULILY, SHOSHO, MODDEALS, AMERICAN VISION, GWBG, GMPC, JASMINE, MODMERICA, DOE Defendants, and each of them distributed and/or sold fabric and/or garments featuring a design which is

4
COMPLAINT

substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by:

     a. ZULILY under SKU 7239650 and bearing the label "Yo Baby" and Style No. YBFW290.

     b. ZULILY under SKU 7810967 and bearing the label "the accessory collective" and RN 65281, indicating that it was manufactured by or for GMPC.

     c. ZULILY under SKU 11516935 and bearing the label "SHOSHO," Style No. XM051, indicating that it was manufactured by or for SHOSHO.

     d. MODMERICA under SKU XM052, UPC: 500000311034, bearing the tag "Shosho," indicating that it was manufactured by or for SHOSHO.

     e. MODDEALS under SKU SS8206-180-OSFA and bearing the label "shosho," and Style No. XM052, indicating that it was manufactured by or for SHOSHO.

     f. ZULILY under SKU 10647788 and bearing RN 135014, indicating that it was manufactured by or for JASMINE.

     g. AMERICAN VISION bearing the label "C.O: GWBG," indicating that it was manufactured by or for GWBG.

18. An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

5
COMPLAINT

**Subject Design**                          **Subject Product**

    

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

19. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

20. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

21. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to the Subject Design, or were an illegal modification thereof.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

23. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

24. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the Subject Design in an amount to be established at trial.

25. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

    a.  That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Design;

    b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    e.  That Plaintiff be awarded the costs of this action; and

    f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: February 1, 2016           DONIGER/BURROUGHS

                      By:   /s/ Stephen M. Doniger
                            Stephen M. Doniger, Esq.
                            Howard S. Han, Esq.
                            Attorneys for Plaintiff