Scott P. Shaw, Bar No. 223592
sshaw@calljensen.com
Samuel G. Brooks, Bar No. 272107
sbrooks@calljensen.com
J. Randall Boyer, Bar No. 290003
rboyer@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Attorneys for Defendants Zulily, LLC (erroneously sued as Zulily, Inc.) and GMPC LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ZULILY, INC., a Delaware Corporation; SHOSHO FAHION, INC., a California Corporation; MODDEALS LLC, a California Limited Liability Company; GWBG, INC., a California Corporation; AMERICAN VISION, a business entity of form unknown; GMPC LLC, a California Limited Liability Company; JASMINE TRADING CORP., a New York Corporation; MODMERICA GROUP LLC, a California Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No. 2:16-cv-00693-MRW<br><br>**ANSWER OF DEFENDANTS ZULILY, LLC (ERRONEOUSLY SUED AS ZULILY, INC.) AND GMPC, LLC**<br><br>**DEMAND FOR JURY TRIAL**<br><br><br><br>Complaint Filed: February 1, 2016<br>Trial Date:      None Set |

YOB01-01:1678159_1:3-11-16                                           - 1 -
ANSWER OF DEFENDANTS ZULILY, LLC (ERRONEOUSLY SUED AS ZULILY, INC.) AND GMPC, LLC; DEMAND FOR JURY TRIAL

Defendants Zulily, LLC, erroneously sued as Zulily, Inc. ("Zulily") and GMPC, LLC ("GMPC") (collectively, "Defendants"), hereby answer Plaintiff's Complaint. In response to all paragraphs of Plaintiff's Complaint, Defendants deny each and every allegation except as expressly admitted herein. Defendants respond specifically to Plaintiff's allegations as follows:

## ANSWER TO ALLEGATIONS REGARDING JURISDICTION AND VENUE

1.  In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to assert claims, and seeks certain damages, under the Copyright Act of 1976. Defendants state that the statute cited therein, 17 U.S.C. § 101, *et seq.*, in all respects, speaks for itself.

2.  In response to paragraph 2 of the Complaint, Defendants admit that this Court has federal question jurisdiction.

3.  In response to paragraph 3 of the Complaint, Defendants deny these allegations.

## ANSWER TO ALLEGATIONS REGARDING PARTIES

4.  In response to paragraph 4 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

5.  In response to paragraph 5 of the Complaint, Defendants deny these allegations.

6.  In response to paragraph 6 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

7.  In response to paragraph 7 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

8. In response to paragraph 8 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

9. In response to paragraph 9 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

10. In response to paragraph 10 of the Complaint, Defendants deny the allegations.

11. In response to paragraph 11 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

12. In response to paragraph 12 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

13. In response to paragraph 13 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

14. In response to paragraph 14 of the Complaint, Defendants deny these allegations.

## ANSWER TO CLAIMS RELATED TO DESIGN NO. 61619

15. In response to paragraph 15 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

16. In response to paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

17. In response to paragraph 17 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

18. In response to paragraph 18 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of these allegations, and on that basis, deny these allegations.

## ANSWER TO FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants)

19. In response to paragraph 19 of the Complaint, Defendant repeats and incorporates herein by reference its responses to the paragraphs alleged in Plaintiff's Complaint to the same extent Plaintiff incorporates the allegations in preceding paragraphs of the Complaint into paragraph 19.

20. In response to paragraph 20 of the Complaint, Defendants deny these allegations.

21. In response to paragraph 21 of the Complaint, Defendants deny these allegations.

22. In response to paragraph 22 of the Complaint, Defendants deny these allegations.

23. In response to paragraph 23 of the Complaint, Defendants deny these allegations.

24. In response to paragraph 24 of the Complaint, Defendants deny these allegations.

25. In response to paragraph 25 of the Complaint, Defendants deny these allegations.

/ / /

/ / /

/ / /



## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The Complaint, and each and every claim for relief therein, fails to allege facts sufficient to state a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. On information and belief, the Complaint, and each and every claim for relief therein, is barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

## THIRD AFFIRMATIVE DEFENSE

### (Not Original)

3. Plaintiff's claims are barred by the fact, based upon information and belief, that the purported copyright referenced in the Complaint is not an original work of authorship and thus is not entitled to copyright protection.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Plaintiff's claims are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced Defendants. Although a reasonable opportunity for investigation or discovery is likely to provide further evidentiary support for this defense, Defendants' laches defense is preliminarily evidenced by delay between Plaintiff's discovery of the alleged copyright infringement(s) and bringing this lawsuit.

///

///

///



## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff's claims are barred by the doctrine of unclean hands as evidenced by the fact, among other things, that Plaintiff intentionally injected its designs into the public domain without protection, allowed them to be copied, and then waited to find copies to file a lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

### (Release, Waiver, and Estoppel)

6. Plaintiff's claims are barred by the doctrines of release, waiver, and estoppel, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## SEVENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

7. Plaintiff's claims are barred by the doctrine of acquiescence in that Plaintiff acquiesced to the alleged infringements, upon information and belief, based in part upon Plaintiff's conduct of waiting before filing its claim.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Infringement)

8. Plaintiff's claims are barred by the fact that Defendants' merchandise does not infringe the purported copyright referenced in the Complaint because, among other things, there is no substantial similarity between any purportedly infringing products and Plaintiff's purported copyrighted work, including no substantial similarity with respect to any purported constituent original and protectable elements of Plaintiff's purported copyrighted work.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

9. Plaintiff's claims are barred by its failure to mitigate damages, including, but not limited to, the fact of delay between the discovery of the alleged infringement(s) and the filing of the lawsuit, for which a reasonable opportunity for investigation or discovery is likely to provide further evidentiary support. Consequently, any damages awarded to Plaintiff should be barred or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages – Innocent Intent)

10. Plaintiff has not sustained any injury or damage as a result of any act or conduct of Defendants and Defendants have at all times acted with innocent intent in that Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's purported rights or to cause damage to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fraud on the Copyright Office)

11. Defendants are informed and believe and on that basis allege that the Complaint, and each and every purported claim for relief thereof, is barred (in whole or in part) by Plaintiff's fraud or deception in the copyright registration process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## TWELFTH AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

12. Upon information and belief, Plaintiff's claims are barred because of its anti-competitive intent and conduct, its misuse of its purported copyrights and its abuse of the judicial process for which a reasonable opportunity for investigation or discovery

is likely to provide evidentiary support. Upon information and belief, Defendants allege that, among other things, Plaintiff intentionally injected its design into the market under circumstances that it knew would lead to copying, took no precautions to protect against copying, allowed them to be copied, and then sought out similar designs for the express purpose of filing lawsuits. By filing copyright lawsuits and demanding disgorgement of profits from each entity in the distribution chain, Plaintiff seeks to use the Copyright law to obtain windfalls far greater than Plaintiff could have obtained had it properly exploited its copyrights.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

13. Upon information and belief, Plaintiff's claims are barred because Plaintiff has failed to join indispensable parties, including without limitation others claiming ownership of the alleged copyrights asserted by Plaintiff in this action, which are necessary for a full and complete adjudication of its claims, including without limitation as required by Rule 19 of the Federal Rules of Civil Procedure, those parties having an interest in the alleged copyrights, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

14. Upon information and belief, Plaintiff's claims are barred and recovery is barred or limited by the doctrine of consent in that Plaintiff consented to the acts it now complains of as evidenced by, among other things, its purposeful distribution of copies into the public domain and allowing such designs to be copied freely outside the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

## (Lack of Causation)

15. Upon information and belief, Defendants allege that other persons or entities, the true names and capacities of whom and which Defendants are ignorant, were in some manner responsible, or otherwise at fault, for the allegations alleged in Plaintiff's Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

## (*Scene a Faire* and/or Merger)

16. Defendants assert that Plaintiff's claims are barred or limited by the *scenes a faire* and/or merger doctrine in that, among other things, Plaintiff's alleged copyrighted design is ordinary, commonplace, or standard in the relevant art or industry.

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (Plaintiff's Damages Limited by Apportionment)

17. Defendants assert that any purported damages sought by Plaintiff in the form of Defendants' profits are limited by the apportionment theory based on the percentage of profits attributable to the alleged infringing work, not the entirety of Defendants' profits from the alleged infringing products.

## EIGHTEENTH AFFIRMATIVE DEFENSE

## (Elements of Copyrights Not Protectable)

18. Assuming, *arguendo*, that the products sold by Defendants contain any elements from Plaintiff's purported copyright, those elements are not protectable under copyright law, do not constitute original expression, and/or Defendants' use of those elements was *de minimis*.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registrations)

19. As a separate affirmative defense, on information and belief, Plaintiff's claims are barred in that Plaintiff does not hold a valid copyright registration.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Ownership)

20. Upon information and belief, Defendants assert that Plaintiff's claims are barred because the copyright (if any) for the design which forms the basis of Plaintiff's claims is not owned by Plaintiff.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Abandonment)

21. Upon information and belief, Plaintiff's claims are barred because it abandoned its purported copyright by failing to take action to prevent overseas copying of its purported copyright.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Unauthorized Derivative Works)

22. On information and belief, Plaintiff's claims are barred in that the Subject Design is an unauthorized derivative work.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Independent Creation)

23. On information and belief, the fabric design was created independently of the design that is the subject of Plaintiff's Complaint.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

24. Defendants reserve the right to allege additional affirmative defenses as they may become known, or as they evolve during the litigation, and to amend this Answer accordingly.

## PRAYER FOR RELIEF

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint in this matter and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their costs of suit in this matter, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems just and proper.

Dated: March 11, 2016

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks
J. Randall Boyer

By: /s/ J. Randall Boyer
J. Randall Boyer

Attorneys for Defendants Zulily, LLC (erroneously sued as Zulily, Inc.) and GMPC, LLC

## DEMAND FOR JURY TRIAL

Defendants Zulily, LLC (erroneously sued as Zulily, Inc.) and GMPC, LLC hereby demand a jury trial on all issues so triable.

Dated: March 11, 2016

CALL & JENSEN
A Professional Corporation
Scott P. Shaw
Samuel G. Brooks
J. Randall Boyer

By: _____
J. Randall Boyer

Attorneys for Defendants Zulily, LLC (erroneously sued as Zulily, Inc.) and GMPC LLC

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On March 11, 2016, I have served the foregoing document described as **ANSWER OF DEFENDANTS ZULILY, LLC (ERRONEOUSLY SUED AS ZULILY, INC.) AND GMPC, LLC AND DEMAND FOR JURY TRIAL** on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

**[ X ]** (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

**[ ]** (BY MAIL) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]** (BY OVERNIGHT SERVICE) I am familiar with the practice of Call & Jensen for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by the overnight service provider the same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by the overnight service provider with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by the overnight service provider at Call & Jensen, Newport Beach, California, following ordinary business practices.

**[ ]** (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and a copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein.

1  The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

**[ ]** (BY E-MAIL) I transmitted the foregoing document(s) by e-mail to the addressee(s) at the e-mail address(es) indicated.

**[ X ]** (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

**[ ]** (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on March 11, 2016, at Newport Beach, California.

*/s/ J. Randall Boyer*

## SERVICE LIST

| | |
|---|---|
| Stephen M. Doniger, Esq.<br>Scott A. Burroughs, Esq.<br>Howard S. Han, Esq.<br>Doniger/Burroughs APC<br>603 Rose Avenue<br>Venice, CA 90291<br>Telephone: 310-590-1820<br>Facsimile: 310-417-3538<br>stephen@donigerlawfirm.com<br>scott@donigerlawfirm.com<br>hhan@donigerlawfirm.com | **Attorneys for**<br><br>**Plaintiff Star Fabrics, Inc.** |
| Gary Lee Eastman<br>Eastman and MacCartney LLP<br>401 West A Street Suite 1785<br>San Diego, CA 92101<br>Tel: (619) 230-1144<br>Fax: (619) 230-1194<br>gary@eastmanmccartney.com | **Attorneys for**<br><br>**Defendants Moddeals LLC and Modmerica Group LLC** |